Mr. Oscar Stilley Attorney at Law Central Mall Plaza, Suite 516 5111 Rogers Avenue Fort Smith, Arkansas 72903
Dear Mr. Stilley:
This is in response to your request for recertification of a popular name and ballot title for a proposed constitutional amendment. This office certified your original submission on May 30, 1997, as evidenced by Opinion No. 97-151. On June 9, 1997, we received your request for recertification due to three "scrivener's errors" in the proposed constitutional amendment and in the ballot title. On June 13, we received your second request for recertification due to another minor change in the proposed constitutional amendment. This recertification, Opinion No.97-151A, is hereby substituted and certified as the official popular name and ballot title for the proposed constitutional amendment.
You have submitted the following popular name and ballot title for recertification:
(Popular Name)
 AN AMENDMENT TO ABOLISH AD VALOREM PROPERTY TAXES, AUTHORIZE THE INCREASE OF SALES AND USE TAX, REQUIRE VOTER APPROVAL OF NEW TAXES AND TAX RATES, REQUIRE PERIODIC VOTER APPROVAL FOR CERTAIN LOCAL SALES, USE, AND OCCUPATION TAXES, LIMIT STATE AND LOCAL REGULATION, AND FOR OTHER PURPOSES.
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING ALL AD VALOREM TAXES ON REAL AND PERSONAL PROPERTY; ABOLISHING AND RENDERING UNENFORCEABLE ALL FINES AND PENALTIES RELATED THERETO AS OF THE DATE OF THIS AMENDMENT; DISCHARGING ALL OFFICERS AND EMPLOYEES EMPLOYED IN THE COLLECTION OF PROPERTY TAXES; AUTHORIZING THE GENERAL ASSEMBLY TO LEVY A 1/2% SALES AND USE TAX, DEDICATED TO COUNTIES AND MUNICIPALITIES AND DISTRIBUTED PER CAPITA UPON THE BASIS OF POPULATION, ONE HALF OF WHICH SHALL BE DEDICATED TO ROADS AND BRIDGES, THE REMAINDER FOR ANY LAWFUL PUBLIC PURPOSE; AUTHORIZING THE GENERAL ASSEMBLY TO LEVY ADDITIONAL SALES AND USE TAXES OF UP TO 7/8% FOR PRIMARY AND SECONDARY EDUCATION; REQUIRING THE APPROVAL OF THE QUALIFIED VOTERS, OF THE STATE OR THE AFFECTED LOCAL GOVERNMENTAL ENTITY, VOTING AT A REGULARLY SCHEDULED STATEWIDE ELECTION FOR THE IMPOSITION OR INCREASE OF ANY STATE OR LOCAL GOVERNMENTAL TAX, FEE, OR OTHER EXACTION, OR FOR THE DIVERSION OF FUEL TAXES OR OTHER REVENUE SOURCES PRESENTLY USED FOR ROAD OR BRIDGE CONSTRUCTION OR MAINTENANCE TO OTHER PURPOSES; DECLARING THAT THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS IS A TAX INCREASE TO THE EXTENT SUCH LAW RESULTS IN INCREASED TAX OR EXACTION; REQUIRING CONTINUING VOTER APPROVAL, AT EACH REGULARLY SCHEDULED STATEWIDE ELECTION, OF LOCAL SALES AND USE TAXES, AND TAXES UPON LAWFUL TRADES, USEFUL OCCUPATIONS, OR LEARNED PROFESSIONS, COLLECTED ON OR AFTER JANUARY 1, 2001, EXCEPT FOR A COUNTYWIDE SALES AND USE TAX NOT TO EXCEED 1/2% (WHICH WOULD BE ADDITIONAL TO THE 1/2% STATEWIDE SALES AND USE TAX AUTHORIZED BY THIS AMENDMENT AND WOULD BE DISTRIBUTED PER CAPITA UPON THE BASIS OF COUNTY AND MUNICIPAL POPULATION) AND EXCEPT FOR TAXES DEDICATED EXCLUSIVELY TO THE RETIREMENT OF DEBT LAWFULLY CONTRACTED PRIOR TO JANUARY 1, 1999; PROHIBITING THE STATE OF ARKANSAS AND ITS SUBDIVISIONS FROM MAKING OR ENFORCING ANY LAW OR REGULATION OF BUSINESS, COMMERCE, TRADES, EMPLOYMENT, OR ENVIRONMENTAL MATTERS, IF SAID LAW IS DETRIMENTAL TO THE FINANCIAL WELL-BEING OF THE REGULATED PERSON OR ENTITY, OR THE TAXPAYERS AT LARGE, UNLESS THE PROPONENT OF THE LAW OR REGULATION PROVES SAME IS REASONABLY NECESSARY AND EFFECTIVE TO PROTECT A SUBSTANTIAL STATE INTEREST, AND THE OPPONENT OF THE LAW OR REGULATION FAILS TO PROVE THAT AN ALTERNATIVE LESS COSTLY TO THE CITIZENRY WOULD REASONABLY PROTECT THE STATE'S INTEREST; REQUIRING THE AMENDMENT BE LIBERALLY CONSTRUED IN FAVOR OF THE TAXPAYER; RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; REPEALING ALL LAWS AND CONSTITUTIONAL PROVISIONS THAT CONFLICT WITH THE AMENDMENT; AND DECLARING THE AMENDMENT SELF EXECUTING AND EFFECTIVE IMMEDIATELY, EXCEPT AS OTHERWISE STATED.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all statewide proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 677 S.W.2d 846
(1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 884 S.W.2d 938 (1994), citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988), Hoban v. Hall, supra, and Walton v.McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in the voting booth when other voters are waiting in line. Bailey v. McCuen, supra. Also, both the length and the complexity of the ballot title are considerations in determining whether a voter can make an intelligent decision based on the ballot title. Parker v. Priest, 326 Ark. 123,930 S.W.2d 322 (1996). The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139
(1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v.McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990),citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that the submitted popular name and ballot title are sufficient, and they are hereby approved.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
Enclosure